UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-6534-RAO Date: November 16, 2026
Title: Santiago Teodomiro Gonzalez Perez v. Markwayne Mullin et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

Petitioner Santiago Teodomiro Gonzalez Perez, represented by counsel, is a citizen of Mexico currently in immigration custody within this District. Petitioner filed a Petition for Writ of Habeas Corpus on November 3, 2026. Dkt. No. 1 ("Pet."), Respondents filed their Response on November 10, 2026, and attached a copy of the Form I-213. Dkt. Nos. 8, 8-1. Petitioner filed his Reply on November 11, 2026. Dkt. No. 9.

## II. FACTUAL BACKGROUND

Petitioner is a citizen of Mexico who entered the United States in 1999 without inspection. He has lived in this country continuously since his arrival and has worked for more than 20 years as a car upholster. He has a domestic partner and supports both her and her daughter. He is a member of a church in Riverside and has community ties. On October 14, 2026, Petitioner was arrested by Immigration and Customs Enforcement (ICE) agents who were targeting another individual. Immigration agents initiated a vehicle stop, believing Petitioner to be their intended target. Petitioner provided a consular card and told immigration agents that he was a citizen of Mexico and did not have legal status. According to a Form I-213, the issuance of a warrant of arrest was authorized and Petitioner was to be processed for

a Notice to Appear (NTA). The Petition and the Reply both state that Petitioner has not received a copy of the arrest warrant or the NTA.

## III. PARTIES' ARGUMENTS

The Petition raises three claims – Petitioner's detention without a pre-deprivation hearing violated due process (count one); Petitioner's warrantless arrest or arrest without a likelihood of escape violated the Immigration and Nationality Act ("INA") (count two); and Petitioner's arrest before the issuance of the NTA was illegal (count three). Respondents contend that Petitioner appears to be entitled to a bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, --- F.4th ---, 2026 WL 2196424 (9th Cir. 2026), noting that this is Petitioner's first detention as a noncitizen who entered without inspection. [1]

## IV. DISCUSSION

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *see Magan Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (Section 2241 "expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.") (citing *Henderson v. I.N.S.*, 157 F.3d 106, 122 (9th Cir. 1998)).

The Court grants the Petition as to Petitioner's claim that his arrest violates the Immigration and Nationality Act (INA). The Form I-213 states, *inter alia*, that a warrant for Petitioner's arrest was authorized and a Notice to Appear (NTA) would be processed after Petitioner was taken into ICE custody. However, the Petition states that Petitioner and his counsel have not received a copy of either, and Respondents do not provide copies in their Response. More than one month has

[1] Respondents do not address the Petition's claims on the merits in their Response.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-6534-RAO Date: November 16, 2026
Title: Santiago Teodomiro Gonzalez Perez v. Markwayne Mullin et al.

passed since Petitioner's detention and the record does not reflect that an arrest warrant was issued or that Petitioner has been served with an NTA.[2]

It should go without saying that federal agencies, including ICE, must follow federal law, including federal regulations. *See United States ex. rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *see also Morton v. Ruiz*, 415 U.S. 199, 235 (1974) ("Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures.") Here, Respondents were required to act without "unnecessary delay" in issuing, *inter alia*, the NTA . *Trevor J.M. v. Warden of California City Detention Facility*, 2026 WL 2410039, at *3 (E.D. Cal. Aug. 18, 2026) ("The government was required to act without 'unnecessary delay' and, within 48 hours of arrest, to provide an initial custody determination, warrant, and notice to appear.") (citing 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.3(c)); *see also Marin v. Noem*, 2025 WL 3158094, at *3-4 (C.D. Cal. Oct. 4, 2025) (finding prolonged detention of hospitalized petitioner of more than 37 days during which Respondents failed to provide him with formal notice of the reasons for his detention cannot be justified as a "reasonable period of time" under 8 C.F.R. § 287.3 and ordering petitioner's release). As other courts have observed, the requirements of the administrative warrant or, in the absence of a warrant, of unnecessary delay in the provision of the initial custody determination and the NTA, are intended to serve as important guardrails against unjustified detention. *See Trevor J.M.*, 2026 WL 2410039, at *3 (collecting cases). Those guardrails were ignored here.

Courts have a fair degree of flexibility in fashioning specific habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). In this case, because more

[2] The Court takes judicial notice of publicly available records of the Executive Office of Immigration Review (EOIR), showing that a case against Petitioner appears to have been docketed as of October 19, 2026. *See* https://acis.eoir.justice.gov/en/caseInformation; *see also* Fed. R. Evid. 201(b)(2). Because removal proceedings have commenced, the Court can reasonably infer that ICE has filed an NTA with EOIR. The undisputed record before the Court, however, is that the NTA has not been served on Petitioner.

than a month has lapsed without Petitioner being provided a copy of the warrant for his arrest and the NTA, the Court concludes that release is the appropriate remedy.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for a Writ of Habeas Corpus as to Petitioner's INA claim (count two) and denied as moot as to the remaining counts. Accordingly, it is hereby ORDERED that Respondents shall immediately release Petitioner Santiago Teodomiro Gonzalez Perez (A#222-570-831) from immigration custody. Respondents are enjoined from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.

It is further ORDERED that Respondents shall file a notice of compliance within two days of this Order stating that Petitioner has been released from custody.

**IT IS SO ORDERED.**